M. SMITH, Circuit Judge,
dissenting:
I respectfully dissent.
The law is well established that, in reviewing a motion for summary judgment, the court must construe all facts and inferences in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (“The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.”); Agosto v. Immigration & Naturalization Serv., 436 U.S. 748, 773 n. 10, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978) (Powell, J., dissenting) (viewing the facts in the light most favorable to the non-moving party means that the party opposing the summary judgment is to be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists); see also Hunt v. Cromartie, 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999) (same).
Under this standard, I believe the court is obligated to interpret the evidence presented as proof that the defendant’s failure to perform liver tests two to four weeks after Luke began taking Antabuse was the proximate cause of her liver failure. Luke’s initial expert testimony, submitted into evidence far in advance of the discovery deadline, indicated that she would more probably than not have shown abnormal liver functions two to four weeks after she began taking the drug, which, we must reasonably infer, would more probably than not have been manifest in the tests that should have been given during that time period of two to four weeks.
The majority’s conclusion that summary judgment is appropriate because the state *501 ment presented by the experts “leaves open the possibility that no abnormality would have been detected” is erroneous as a matter of law, because it fails to give the non-moving party the benefit of all reasonable doubts and inferences. It is reasonable to infer that a test given two to four weeks after a certain date will reflect the abnormalities experts have testified will manifest themselves within that same two to four week time period. This inference can be drawn without consulting the untimely expert declarations excluded by the district court.
Accordingly, summary judgment is inappropriate even in light of our decision that the untimely expert declarations were properly excluded. I would therefore reverse the district court’s ruling and remand for trial.